**Marlyn RODRIGUEZ–FELICIANO, et al., Plaintiffs**

v.

**PUERTO RICO ELECTRIC POWER AUTHORITY, et al., Defendants.**

**Civil No. 06–2202 (JP).**

United States District Court, D. Puerto Rico.

Feb. 13, 2007.

---

Ismael Rodríguez–Izquierdo, Esq., Nicolás Nogueras–Cartagena, Esq., Pedro J. Landrau–López, Esq. San Juan, PR, Juan José Nolla–Acosta, Esq., Ponce, PR, for Plaintiffs.

José L. Ramírez–Coll, Esq., Laura M. Crumley–Alvarez, Esq., Fiddler, González & Rodríguez, Agnes I. Cordero, Esq., U.S. Attorney's Office, San Juan, PR, for Defendants.

## OPINION AND ORDER

PIERAS, Senior District Judge.

The Court has before it Plaintiffs' Motion Requesting Certification as Class Action (**No. 14**). For the reasons stated herein, Plaintiffs' Motion is **DENIED**.

## I. BACKGROUND

Plaintiffs' allege in their Complaint that Defendant Puerto Rico Electric Power Authority ("PREPA") has been violating the Public Utility Regulatory Policies Act ("PURPA") as well as the constitutional rights of its customers by establishing excessive rates for its services. Section 210 of PURPA requires state and public electric utilities to acquire purchase rates from duly qualified independent or private electric power cogenerators that are (1) just and reasonable to consumers of electricity and comply with the public interest; (2) do not discriminate against other duly qualified cogenerators of electricity; (3) do not exceed the cost that the state public utility would have produced if it had produced said energy itself. Plaintiffs allege that on October 11, 1994, and again on March 10, 1995, PREPA entered into contracts with private cogenerators of electricity to purchase electric energy. Plaintiffs allege that in January 1998[1], PREPA departed from the agreed upon basic rates for energy costs, and added an "Adjustment Clause for the Purchase of Fuel" to its customers' bills. Again in June 2000, PREPA added another such clause. Plaintiffs allege that the purpose of these clauses was to cover PREPA' s costs for the purchase of electric energy from two cogenerators so that the rates billed to customers would include the basic rate, the adjustment for the purchase of fuel, and the adjustment for the purchase of energy. Plaintiffs allege that the purchase of energy from cogenerators includes the estimated monthly cost of billing for the purchase of electric energy from the cogenerators, an eleven percent factor for the impact of taxes paid to state and municipal governments, and an amount for estimated net generation and efficiency factor known as E.I.

Plaintiffs allege that from July 1998 to December 2003, Defendant PREPA sold electric power to its customers in an amount of $11,849,497,695. Of those sales, $1,527,945,086 corresponded to electric energy purchase by PREPA from the cogenerators. Plaintiffs allege that notwithstanding this fact, PREPA applied the variable costs of power generation to the total sales to consumers, even though PREPA does not incur costs of generation over the acquired electric energy sold to customers. The amount was included as part of the basic rates, without informing customers. Plaintiffs allege that none of the fuel and power components of the rates and the standards

1. Plaintiffs' Complaint states "January 1948." The Court understands this to be a typographical error, and assumes, given other allegations in the Complaint, that Plaintiffs intended to state "January 1998."

were accessible by customers, and that PREPA did not hold a hearing as required by PURPA. Plaintiffs estimate that PREPA has illegally overcharged its customers in excess of $49.8 million.

Plaintiffs request from this Court several preliminary injunctions, including an order enjoining PREPA from illegally charging its customers for the electric service it purchases from cogeneration facilities in violation of PURPA, an order enjoining PREPA from depriving its customers of electricity if they do not pay the "illegal" rates, an order for PREPA to comply with various provisions of PURPA, an order for PREPA to stop charging customers for the energy taken from outside producers, and an order for PREPA to refund overcharges. Plaintiffs also request an evidentiary hearing, but ask that the injunctions be entered prior to the holding of a hearing to protect their interests. Finally, Plaintiffs argue that 16 U.S.C. Section 2633, which states that federal courts do not have jurisdiction to hear cases arising under PURPA, should be voided as unconstitutional under Article II, Section 2 of the U.S. Constitution, which gives the judiciary jurisdiction to hear cases arising under the Constitution, treaties and laws of the U.S.

## II. *STANDARD FOR CLASS CERTIFICATION*

▇ Plaintiffs allege that PREPA's illegal overcharges have affected in excess of one million people. Accordingly, Plaintiffs filed this Motion early in the case for certification of a class. Plaintiffs argue that they meet the prerequisites for certification of a class action. Rule 23(a) of the Federal Rules of Civil Procedure states that one or more members of a class may sue or be sued as representative parties on behalf of all class members only if the following prerequisites are met:

(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a). The plaintiffs bear the burden of establishing the necessary Rule 23 requirements. *See Smilow v. Southwestern Bell Mobile Systems, Inc.*, 323 F.3d 32, 38 (1st Cir.2003) ("to obtain class certification, the plaintiff must establish the four elements of Rule 23(a) and one of several elements of Rule 23(b)"). When evaluating whether class certification is appropriate, courts must engage in a "rigorous analysis of the prerequisites established by Rule 23," *Smilow*, 323 F.3d at 38; and exercise their "power to test disputed premises early on if and when the class action would be proper on one premise but not another." *Tardiff v. Knox County*, 365 F.3d 1, 4–5 (1st Cir.2004). In so doing, "sometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question." *Gen. Telephone Co. v. Falcon*, 457 U.S. 147, 160, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982). The Court is under an independent obligation to test for "actual, not presumed, conformance with Rule 23(a)." *General Telephone Co.*, 457 U.S. at 160, 102 S.Ct. 2364. If all of the 26(a) requirements are met, the plaintiff must establish that the action is maintainable under one of the three subsections of Rule 23(b).

## III. *PLAINTIFFS' FAIL TO MEET THE REQUIREMENTS FOR CERTIFICATION*

The Court must deny Plaintiffs' Motion Requesting Certification as Class Action because Plaintiffs simply have not provided the Court with adequate information to engage in the required rigorous analysis necessary to certify a class. The Court will examine Rule 23(a)'s four requirements in turn.

▇ The numerosity requirement is satisfied when the class is "so numerous that joinder of all members is impracticable." Fed.R.Civ.P. 23(a)(1). The party instituting the action need not show the exact number of potential members in order to satisfy the numerosity prerequisite, but "mere speculation as to the number of parties involved is not sufficient to satisfy Rule 23(a)(1)." 7A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1762 (2004). In addressing the numerosity

requirement, Plaintiffs state that the number of customers served by PREPA is in excess of 1.4 million. Plaintiffs provide no additional details about this number. Plaintiffs do not elaborate as to whether these customers are residents, like the representative Plaintiffs, or businesses; or where the customers are located. However, for purposes of satisfying the numerosity requirement alone, the Court finds this requirement fulfilled.

■ The commonality and typicality requirements of Rule 23(a) will be evaluated together because they merge into one another. As the Supreme Court observed in *General Telephone Co.*,

> [These two requirements] serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence.

*General Telephone Co.*, 457 U.S. at 157 n. 13, 102 S.Ct. 2364. Plaintiffs allege that all members of the class have been affected by the noncompliance of PREPA. Beyond this bold and brief assertion, Plaintiffs again provide no details as to who comprises the members of the class—residents, businesses, or others; and does not specify as to the common issues of law or fact. In addressing the third requirement, that the claims or defenses of the representative parties are typical of the claims or defenses of the class, Plaintiffs argue that the representative parties are typical of all the members of the class, as all of them have been victims of PREPA's excessive rates. The representative Plaintiffs include Marlyn Rodriguez–Feliciano ("Rodriguez"), who is a resident of New Jersey but owns properties in Puerto Rico, and Emilio Orria–Cruz ("Orria") and Emilia Parilla–Figueroa ("Parilla"), a married couple, who are residents of Trujillo Alto, Puerto Rico. Plaintiffs indicate that Rodriguez has been a PREPA customer since at least 1995. Plaintiffs do not indicate how long Orria and Parilla have been customers of PREPA. This is the totality of information provided by Plaintiffs about the proposed representative Plaintiffs. With only this sparse information, the Court cannot hold that Plaintiffs have met the commonality and typicality requirements of Rule 23(a).

The final prerequisite for acquiring class status requires the plaintiffs to show that the representative parties will fairly and adequately protect the interests of the class. Fed.R.Civ.P. 23(a)(4). For analyzing this requirement, the First Circuit has devised a two-part test: "the moving party must show first that the interests of the representative party will not conflict with the interests of the class members, and second, that counsel chosen by the representative party is qualified, experienced and able to vigorously conduct the proposed litigation." *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 130 (1st Cir.1985). Plaintiffs assert that the representative Plaintiffs will fairly and adequately represent the interests of the class because the bulk of PREPA customers are residential customers. Again, Plaintiffs provide the Court with no supporting evidence for this assertion. Further, Plaintiffs do not even attempt to address the two-part test set forth above. Accordingly, Plaintiffs have failed to show this Court that they would fairly and adequately protect the interests of the class.

Seeing that Plaintiffs have failed to satisfy the requirements set forth by Rule 23(a), the Court refrains from entering analysis as to whether Plaintiffs satisfy one or more of the prongs of Rule 23(b), also required prior to class certification. *See Smilow*, 323 F.3d at 38 ("to obtain class certification, the plaintiff must establish the four elements of Rule 23(a) and one of several elements of Rule 23(b).").

## IV. CONCLUSION

In conclusion, the Court holds that Plaintiffs have failed to meet the prerequisites for class certification. Plaintiffs' Motion (**No. 14**) is therefore **DENIED.**

**IT IS SO ORDERED.**